IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00101-CR through
10-05-00117-CR

 

The State of Texas,

                                                                      Appellant

 v.

 

Rebekah Faith Stanley, ET AL.

                                                                      Appellees

 

 

 



From the County Court at Law 

McLennan County, Texas

Trial Court Nos. 2004-3921-CR1
through 2004-3933-CR1

and Nos. 2004-3935-CR1 through
2004-3938-CR1

 



MEMORANDUM  Opinion










 

          The State has filed motions to dismiss
these seventeen appeals
under Rule of Appellate Procedure 42.2(a).  See Tex. R. App. P. 42.2(a); McClain v. State, 17 S.W.3d
310, 311 (Tex. App.CWaco
2000, no pet.) (per curiam).  We have not issued decisions in these appeals
since the Court of Criminal Appeals remanded them to this Court for further
proceedings.  See State v. Stanley, No. PD-1393-05, 2006 Tex. Crim. App. LEXIS 1816 (Tex. Crim. App. Sept. 20, 2006).  The Clerk of this Court has
sent duplicate copies of the motions to the trial court clerk.  See Tex. R. App. P. 42.2(a); McClain,
17 S.W.3d at 311.  None of the Appellees has filed a response.  Accordingly,
these appeals are dismissed.

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Appeal dismissed

Opinion delivered and
filed November 1, 2006

Do not publish

[CR25]

 






align=left>
 
 
 
 
 
 
 


 



No. 10-04-00072-CR

 

Jerrel Lee Martinez,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 413th District Court

Johnson County, Texas

Trial Court # F35145

 



MEMORANDUM 
Opinion



 








          Jerrel
Martinez was tried before a jury and convicted of one count of sexual assault
of a child and two counts of indecency with a child.  Tex.
Pen. Code Ann. §§ 22.011, 21.11 (Vernon 2003).  The jury assessed punishment at twelve years and
a $5,000 fine for the sexual assault (count one), five years for one of the
indecency counts (count two), and two years for the other indecency count
(count three).  The trial court entered
separate judgments for each of the three counts.  The indecency counts were probated for ten
years.  Martinez appeals, arguing: (1)
the trial court erred in not declaring a mistrial after the court made improper
comments to the jury; (2) the evidence was legally insufficient to prove the
offense of indecency with a child by touching the genitals (count three); and
(3) the evidence was factually insufficient to prove the offense of indecency
with a child by touching the genitals. 
We will reverse the judgment and render an acquittal on count three, and
affirm the judgments on the other two counts. 

Background

          The
alleged victim was 15 years old on the date of the alleged offense.  She testified that she was home alone with
her 12 year-old sister when Martinez knocked on the front door.  Martinez was a long-time friend and occasional employee
of the girls’ father, and he had been around the house earlier that day with
the girls’ older brother.   The alleged victim testified that Martinez told her that he was there to meet their
brother, and she allowed him to come inside and wait.  He asked to see the carpet he had previously
installed in her bedroom.  She led him to
her bedroom and turned on the stereo.  Martinez asked if she could dance and she danced for
him.  Afterwards, he sat on the bed next
to her and told her how much he liked her and liked being around her.  She testified that he then put his hand over
her mouth, pushed her onto her back, and warned her that he would hurt her if
she said anything.  He licked her face,
then put his hand under her shirt and touched her breasts.  She testified that he then took off her shorts
and underwear and licked her vagina.  She
told him that she thought she heard someone coming.  He said he had better go, gave her $25.00,
and told her that she was “the sweetest thing he had tasted in Texas.”

Denial
of Mistrial

          Martinez argues that the trial court erred in not
declaring a mistrial after the court made a comment to the jury that it would
“hear the other side of the story” from the defense.  At the conclusion of the State’s case in
chief, the court made the following remarks in the presence of the jury:  “Okay. 
Ladies and gentlemen of the jury, at this time there are a few—we’ll
call them administrative matters that have to be dealt with before the defense
can begin its part of the case, which is the next thing that will happen for you,
the time to hear the other side of the story. 
So we need to take a recess. . . .” 
Martinez argues that the court’s remark was an improper
comment on his failure to testify and that it created an expectation that the
defendant would testify. 

          The
State argues that Martinez’s complaint is not preserved for our review
because he failed to request an instruction to disregard.  Martinez raised a timely objection to the court’s
remarks and made a motion for a mistrial. 
The court denied the motion and asked defense counsel if he wanted a
jury instruction.  Martinez’s counsel argued to the court that an
instruction should not be given because it would only aggravate the
prejudice.  Nevertheless, the court
instructed the jury that the comment should be disregarded and should not be
construed as a comment on the weight of the evidence, the defendant’s right to
remain silent, or his right not to present any evidence.  Further, the court reminded the jury that
there is no burden of proof on the defendant. 
Martinez’s actions were sufficient to preserve his
complaint about the mistrial ruling.  Young v. State, 137 S.W.3d 65, 69-70
(Tex. Crim. App. 2004); see also Lankston
v. State, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992) (“all a party has to
do to avoid the forfeiture of a complaint on appeal is to let the trial judge
know what he wants, why he thinks himself entitled to it, and to do so clearly
enough for the judge to understand him at a time when the trial court is in a
proper position to do something about it”). 


We review an order denying a motion for mistrial
for an abuse of discretion.  Simpson v. State, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003).  A trial court may properly exercise its
discretion to declare a mistrial where an instruction to disregard could not
cure the prejudice stemming from an event at trial and would not leave the jury
in an acceptable state to continue the trial. 
Young, 137 S.W.3d at 69.  

A comment on a criminal defendant's failure to
testify violates the defendant's state and federal constitutional privileges
against self-incrimination.  Bustamante v. State, 48 S.W.3d 761, 764
(Tex. Crim. App. 2001).  We must view any allegedly improper statement
from the standpoint of the jury and decide whether the language was of such
character that the jury would naturally and necessarily take it to be a comment
on the defendant's failure to testify.  Id; McGee
v. State, 852 S.W.2d 551, 559 (Tex. App.—Tyler 1992, writ ref'd).  Considering the remark in its context, we do
not believe the jury would have understood it to be a comment on the
defendant’s failure to testify.  The
trial court made the comment before the defense’s opportunity to put on its
case.  The court’s use of the phrase
“other side of the story” appears to have been used as a euphemism for the
defense’s case, and it probably would not have been understood by the jury to
refer specifically to the defendant’s decision to testify or not to testify.  

There is a danger that the jury could infer from
the court’s remark that the defense was expected to put on a case or introduce
testimony.  However, any harm caused by
the remark was cured by the court’s instruction.  The trial court thus did not abuse its
discretion in denying Martinez’s motion for mistrial.  Hawkins v. State, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).  We overrule this issue.

Legal
and Factual Insufficiency

          Martinez argues in his second and third issues that the
evidence was legally and factually insufficient to support his conviction on
count three for indecency with a child by touching the genitals.  We review legal sufficiency by viewing all of
the evidence in the light most favorable to the verdict to determine whether
any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560
(1979).  

          We
must first note that the jury charge does not specify any particular manner of
touching the genitals.  The State
introduced evidence of two types of contact with the alleged victim’s genitals:
(1) contact between her genitals and Martinez’s mouth and (2) contact between her genitals
and Martinez’s hands.  
As a result, we cannot know whether the jury’s verdict of guilt was
based on touching by mouth or touching by hand. 
However, Martinez’s conduct in touching the victim’s genitals
with his mouth was the basis of his sexual assault conviction.  Because a conviction for indecency with a
child based upon Martinez’s contacting the victim’s genitals with his
mouth would implicate double jeopardy, we must determine whether the evidence
is sufficient to support a verdict based on Martinez’s touching the genitals with his hand.  

There is some evidence that Martinez touched the alleged victim’s vagina with his
hand.  An outcry witness testified that
the alleged victim told her that Martinez had penetrated her private area with his hand
as well as his tongue.  Another witness
testified that he heard Martinez admit to having “got busted” for “rubbing up on her.”  However, a witness who interviewed the alleged
victim at the Children’s Advocacy Center testified that the alleged victim was vague about where Martinez had touched her and did not say what part of
her body he touched.  At trial, the alleged
victim, in response to three direct questions from the prosecutor, testified (1)
that Martinez never touched her vagina with any part of his
body other than his mouth; (2) that the only part of her body he touched with
his hands was her breasts; and (3) that he never touched her vagina with his
hand.  

We are mindful that the jury is the sole judge of the weight
and credibility of the witnesses and may believe or disbelieve all or any part
of any witness’ testimony.  Williams
v. State, 692 S.W.2d 671, 676 (Tex. Crim. App. 1984).  In a legal sufficiency review, we are in the
position of a final, due process safeguard, ensuring only the rationality of
the fact finder.  See Moreno v. State, 755 S.W.2d
866, 867 (Tex. Crim. App. 1988).  The
jury could have found the outcry witness’ testimony credible.  However, her testimony, if believed, is evidence
of an out-of-court statement by the alleged victim.  The alleged victim’s in-court testimony contradicted
that out-of-court statement.  It is also
possible that the jury could have found Jared Way—the witness to Martinez’s
alleged admission—to be credible, even though Way testified that he had been
charged with and pled guilty to witness tampering for offering to pay the
alleged victim to drop the charges against Martinez.  However, Way’s testimony, if believed, is also
evidence of an out-of-court statement by Martinez.  Way testified that Martinez told him only that
he had been “rubbing up on her” and that either he kissed her or she kissed him—a
statement that would not necessarily prove that Martinez touched the
alleged victim’s vagina with his hand.  The
jury’s guilty verdicts on the other indecency count (touching the breast) and
the sexual assault count (causing her genitals to contact his mouth)
demonstrate that the jury believed the victim’s version of those events.  It would not be reasonable for the jury to believe
the alleged victim’s version of events concerning counts one and two but
disbelieve her testimony that Martinez did not touch
her genitals with any part of his body other than his mouth.

Viewing all of
the evidence in the light most favorable to the verdict, a rational trier of
fact could not have found beyond a
reasonable doubt that Martinez touched the victim’s genitals with his hands
or with any part of his body other than his mouth.  We make this assessment because the only
evidence tending to support the verdict on count three was directly
contradicted by the victim herself.  

Finding the
evidence legally insufficient to support the verdict on count three, we do not
reach Martinez’s factual
sufficiency issue.  We reverse the count
three conviction for indecency with a child by touching the genitals and render
an acquittal on that count.

CONCLUSION

          We affirm the trial court’s judgments
on counts one and two.  Finding the
evidence legally insufficient to support a conviction in count three, we
reverse and render a judgment of acquittal on count three.

 

BILL VANCE

Justice

 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna

(Chief Justice
Gray concurring and dissenting)

Affirmed in
part, reversed and rendered in part

Opinion
delivered and filed April 13, 2005

Do not publish

[CR25]